IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 1, 2022

## ANTONIO BONDS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 98-08055        John Wheeler Campbell, Judge**

———————————————————

### No. W2021-00589-CCA-R3-PC

———————————————————

The Petitioner, Antonio Bonds, was convicted by a jury of first degree premeditated murder, and he received a sentence of life imprisonment. The Petitioner filed this fourth petition for post-conviction relief over twenty years after his conviction, and the post-conviction court summarily dismissed his petition on the ground that the statute of limitations barred its consideration of his claims. The Petitioner appeals. After review, we affirm the post-conviction court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JILL BARTEE AYERS, JJ., joined.

Antonio Bonds, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ronald L. Coleman, Assistant Attorney General; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Following a jury trial in 1999, the Petitioner was convicted of the first degree premeditated murder of the victim, Mr. David Stewart, and he received a sentence of life imprisonment. *State v. Antonio Bonds*, No. W2000-01242-CCA-R3-CD, 2001 WL 912829, at *1 (Tenn. Crim. App. Aug. 13, 2001). His conviction was affirmed on appeal. *Id.* In January 2003, the Petitioner filed a petition for post-conviction relief, claiming that

he received ineffective assistance of counsel. *Antonio Bonds v. State*, No. W2003-00260-CCA-R3-PC, 2003 WL 22718186, at *1 (Tenn. Crim. App. Nov. 14, 2003). The post-conviction court summarily dismissed his petition because it determined that he failed to comply with the one-year statute of limitations, and the court's decision was affirmed on appeal. *Id.* at *3.

In December 2005, the Petitioner filed a petition for writ of error coram nobis, claiming that he identified newly discovered evidence of his jail visitation records, a witness's arrest history, and the transcript of his preliminary hearing, which he maintained established that one witness for the State presented inconsistent and false testimony at trial and that a second witness for the State presented inconsistent testimony at trial. *Antonio Bonds v. State*, No. W2006-00343-CCA-R3-CO, 2006 WL 3516225 at *1 (Tenn. Crim. App. Dec. 6, 2006), *abrogated in part by Nunley v. State*, 552 S.W.3d 800 (Tenn. 2018) (holding that a coram nobis proceeding is not the appropriate procedure for addressing *Brady* violations). The trial court dismissed his petition summarily on the basis that it was barred by the statute of limitations. *Id.* On appeal, we affirmed the trial court's decision because we concluded that the evidence was not "newly discovered" within the meaning of the statutes governing error coram nobis relief and because the Petitioner failed to exercise due diligence "in procuring the information at trial or through the remedy of a post-conviction proceeding." *Id.* at *4. The Petitioner also asserted that the State's failure to disclose the above evidence violated the rule of law established in *Brady v. Maryland*, 373 U.S. 83, 83 (1963). *Antonio Bonds*, 2006 WL 3516225, at *4. However, we concluded that the Petitioner was not entitled to relief on his *Brady* claim because the claim could have been previously litigated in a timely filed post-conviction petition. *Id.* Finally, we concluded that the Petitioner failed to establish any grounds on which the statute of limitations should be tolled. *Id.*

In May 2007, the Petitioner filed a "petition for delayed appeal," which the post-conviction court treated as a motion to reopen post-conviction relief. *Antonio Bonds v. State*, No. W2009-00681-CCA-R3-PC (Tenn. Crim. App. July 24, 2009). The post-conviction court denied the motion, as well as a second motion filed by the Petitioner after the initial order was entered. *Id.* On appeal, we dismissed the Petitioner's appeal because he failed to comply with the statutory requirements for appealing the post-conviction court's decision. *Id.*

The Petitioner filed another petition for post-conviction relief in March 2010, claiming that he was entitled to tolling of the statute of limitations because the Tennessee Department of Correction failed to mail his 2003 petition in a timely manner. *Antonio Bonds v. State*, No. W2010-01515-CCA-R3-PC, 2011 WL 914981, at *2 (Tenn. Crim. App. Mar. 16, 2011). On appeal, the Petitioner claimed among other arguments that he did not receive the arrest record of a witness for the State until September of 2004, and

that the record showed that the witness was arrested fourteen days before testifying against him and that the charges were dismissed after she testified. *Id.* at *3. The post-conviction court denied the petition summarily for failing to comply with the statute of limitations, and a panel of this court affirmed the post-conviction court's decision. *Id.* at *5.

In November 2015, the Petitioner filed a "Petition for a Delayed Appeal," which the post-conviction court treated as a petition for post-conviction relief. *Antonio Bonds v. State*, No. W2015-02393-CCA-R3-PC, 2016 WL 4737162, at *1 (Tenn. Crim. App. Sept. 9, 2016). The Petitioner claimed that prison officials failed to timely provide him a notary public and failed to timely return his petition to him, resulting in the untimely filing of his 2003 post-conviction petition. *Id.* at *3. The post-conviction court entered an order summarily dismissing his petition for failure to comply with the statute of limitations, and this court affirmed its decision. *Id.* at *3, 4.

On April 16, 2021, the Petitioner filed the present fourth petition for post-conviction relief, claiming that the State failed to disclose evidence in violation of *Brady*, that the State failed to correct false evidence and perjured testimony, and that he received ineffective assistance of trial counsel. He requested statutory tolling of the statute of limitations based on the decision in *Nunley v. State*, 552 S.W.3d 800 (Tenn. 2018), which he claimed established a constitutional right that should be applied retroactively to his case. He also requested due process tolling of the statute of limitations based on the State's failure to disclose material evidence and requiring him to pay a $427.50 fee to obtain it following trial. He claimed that his trial counsel requested the discovery on his behalf before trial and did not receive certain documents from the State. He did not allege when he requested the discovery file post-trial; however, he attached to his petition letters written to him by the district attorney's office in March 2018 regarding the amount it would charge for copying the discovery file. He claimed that he received the file on April 29, 2020, via mail after paying the amount requested. The Petitioner attached exhibits to his petition in support of his claims, including a letter written by "Demetrius Hollins," an inmate whose girlfriend was one of the State's witnesses, police reports, witness statements, and the assistant district attorney general's notes, which the Petitioner claimed were not disclosed to him prior to trial. The Petitioner alleged that the witness statements and other discovery would have served to impeach the testimony of the two witnesses who had connected him to the crime. While this appeal was pending, the Petitioner filed a supplemental record containing a documented request to pay a total of $302.50 to the district attorney's office to "purchase AG File AR4638" on March 12, 2020, from his personal institutional funds account.

The post-conviction court entered an order on April 29, 2021, summarily dismissing the petition. The post-conviction court found that the Petitioner filed his

petition beyond the one-year statute of limitations, that the *Nunley* decision did not establish a new constitutional right to be applied retroactively, and that he filed the petition more than one year after *Nunley* was decided. The court also found that the Petitioner could have obtained the discovery cited in his petition if he had filed his original petition in a timely manner. The court concluded that the Petitioner did not provide any basis for tolling the statute of limitations. The Petitioner appeals the summary dismissal of his petition.

On appeal, the Petitioner claims that the post-conviction court erred in dismissing his petition without a hearing because he is entitled to statutory tolling of the statute of limitations based on the *Nunley* decision, because he is entitled to due process tolling based on the State's failure to disclose *Brady* material, and because the post-conviction court failed to make findings of fact. The State responds that the petition was properly dismissed because it was filed outside the statute of limitations and that the Petitioner is not entitled to tolling. We agree with the State.

A petitioner may request post-conviction relief by asserting that his conviction or sentence is void or voidable because of the abridgment of his constitutional rights provided by the Tennessee or the United States Constitutions. T.C.A. § 40-30-103. To obtain post-conviction relief, a petitioner must prove the allegations of fact made in the petition by clear and convincing evidence. T.C.A. § 40-30-110(f). However, if it plainly appears from the face of the petition that it was not filed within the time permitted in the statute of limitations, the post-conviction court shall enter an order dismissing the petition. T.C.A. § 40-30-106(b). Under Tennessee Code Annotated section 40-30-102(a), a post-conviction relief petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The limitation period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* The Petitioner's time for filing a petition for post-conviction relief expired one year following our supreme court's December 27, 2001 order denying his application for permission to appeal. *Antonio Bonds*, 2003 WL 22718186, at *1. Thus, the statute of limitations for requesting post-conviction relief concluded on December 27, 2002. The Petitioner's current petition filed in April 2021, therefore, is untimely.

The Petitioner claims that the Tennessee Supreme Court's decision in *Nunley v. State*, 552 S.W.3d 800 (Tenn. 2018), established a new constitutional right to be applied retrospectively and that the one-year statute of limitations for filing a post-conviction petition should be tolled as a result. Pursuant to Tennessee Code Annotated section 40-30-102(b)(1), a post-conviction court has jurisdiction to consider a post-conviction petition filed outside the statute of limitations if

The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

The Tennessee Supreme Court filed its opinion in *Nunley* in July 2018, and the Petitioner did not file his petition until April 2021. Because the Petitioner failed to file his petition within one year of the *Nunley* decision, he cannot rely upon *Nunley* as a basis for tolling the statute of limitations.

The Petitioner also argues that he is entitled to due process tolling of the statute of limitations. Our courts have recognized that due process occasionally requires the statute of limitations to be tolled. *See Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001); *Burford v. State*, 845 S.W.2d 204, 209 (Tenn. 1992). "A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). This standard "applies to all due process tolling claims, not just those that concern alleged attorney misconduct." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014). The standard for pursuing one's rights diligently "'does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts'" to pursue his or her claim. *Whitehead*, 402 S.W.3d at 631 (quoting *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2013)). However, due process tolling "must be reserved for those rare instances where— due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 631-32 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Whether the statute of limitations should be tolled by due process is a mixed question of law and fact reviewed de novo on appeal. *Id.* at 621.

In the present case, there is no evidence in the record demonstrating the Petitioner tried to obtain the discovery before 2018.[1] He did not allege in his petition that he tried

---

[1] We note that the Petitioner attached to his appellate brief several letters which he claims substantiate his attempts to seek discovery from the State following his conviction. However, we decline to consider this documentation because it is not in the appellate record. *See Ricky Flamingo Brown, Sr., v. State*, No. M2002-02427-CCA-R3-PC, 2003 WL 21362197, at *2 (Tenn. Crim. App. June 13, 2003) (supporting documentation attached to the petitioner's

to obtain the discovery before 2018 and has not justified the time delay in seeking the State's file between 2001 and 2018. We note that the Petitioner has previously attempted to litigate the State's failure to disclose evidence he allegedly discovered following his trial, but he was not successful because of his delay in filing for relief. *See Antonio Bonds v. State*, 2011 WL 914981, at *2; *Antonio Bonds v. State*, 2006 WL 3516225, at *1. He does not explain why he waited years to seek the State's file after discovering the evidence at issue in those cases. Moreover, he does not explain why he waited almost a year following his receipt of the file in April 2020 before filing the current petition. He has also failed to justify the significant time delay in seeking relief for his remaining claims. The record shows the Petitioner's efforts to pursue the claims in his petition were not reasonable and thus lacked diligence. *See Whitehead*, 402 S.W.3d at 631; *see also State v. James Andrew Weidekamp*, No. M2020-00736-CCA-R3-PC, 2021 WL 1345567, at *3 (Tenn. Crim. App. Apr. 12, 2021) (the petitioner was not entitled to due process tolling where he failed, in part, to explain a four-month delay between his receipt of his file and the filing of his petition); *Henry Dequan Rhodes v. State*, No. M2011-01124-CCA-R3-PC, 2012 WL 5544423, at *5 (Tenn. Crim. App. Nov. 13, 2012) (the petitioner was not entitled to due process tolling in part because he did not adequately explain why he filed the petition nearly thirteen years following his conviction). Therefore, the post-conviction court properly dismissed the petition as time-barred and made findings of fact supporting the dismissal in its written order. The Petitioner is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial court. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE

---

appellate brief that was not included in the appellate record could not be considered on appeal); *see also* Tenn. R. App. P. 28(a).